# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TIMMIRIS MONTGOMERY, Defendant. | No. 13-CR-2011-LRR<br><br>**ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Timmiris Montgomery's "Motion for Review of Pretrial Detention" ("Motion") (docket no. 44).

## II. RELEVANT PROCEDURAL HISTORY

On May 7, 2013, a grand jury returned a nine-count Indictment (docket no. 4) against Defendant and others. Count 1 charges Defendant with conspiring to distribute crack cocaine within 1,000 feet of the real property comprising a playground after having previously been convicted of a felony drug crime. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, 851 and 860. Counts 2 and 6 charge Defendant with distributing crack cocaine, or aiding and abetting the distribution of crack cocaine, within 1,000 feet of the real property comprising a playground after having previously been convicted of a felony drug crime. Such offense is a violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860. Count 4 charges Defendant with distributing crack cocaine within 1,000 feet of the real property comprising a playground after having previously been convicted of a felony drug crime. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851 and 860. Finally, Count 8 charges Defendant with distributing crack cocaine, or aiding and abetting the distribution of crack cocaine,

after having previously been convicted of a felony drug crime. Such offense is a violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851.

On May 14, 2013, United States Magistrate Judge Jon S. Scoles held an initial appearance and arraignment, at which time the government moved to detain Defendant. *See* May 14, 2013 Minute Entry (docket no. 15). On May 16, 2013, Judge Scoles held a detention hearing. *See* May 16, 2013 Minute Entry (docket no. 30). That same date, Judge Scoles issued an Order for Pretrial Detention (docket no. 31), which concluded that Defendant was a danger to the community and, consequently, should be detained pending trial. On May 23, 2013, Defendant filed the Motion, which requests that the court revoke Judge Scoles's Order for Pretrial Detention and release Defendant pending trial. On May 31, 2013, the government filed a Resistance (docket no. 47) to the Motion. The Motion is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). In certain cases, the court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). In contrast, a finding "that no condition

or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## IV. ANALYSIS

In the Motion, Defendant argues that Judge Scoles erred in finding that there was no condition or combination of conditions that would reasonably assure the safety of the community. Defendant contends that he "rebutted the presumption of detention in this case" and argues that there are "[a]ppropriate conditions and terms of release [that] can be established by the [c]ourt to secure both . . . Defendant's attendance at trial and [the] safety of the community." Motion at 1. In its Resistance, the government argues that detention is warranted in light of the serious nature of the offenses with which Defendant is charged. Moreover, the government notes that Defendant has a long criminal history, including a history of committing new offenses while on probation or while other charges are pending, and, at only twenty-two years of age, it appears that Defendant may qualify as a career offender.

After conducting a de novo review of the entire record, including the transcript of the May 16, 2013 detention hearing, the court finds that Judge Scoles's Order for Pretrial Detention accurately and thoroughly sets forth the facts and the law. Given, among other factors, the rebuttable presumption that applies in this case, the seriousness of the current charges, Defendant's considerable criminal history and his tendency to commit new offenses while on pretrial release and probation, the court agrees with Judge Scoles's conclusion that Defendant is a danger to the community and should be detained pending trial. Thus, after considering all of the factors listed at 18 U.S.C. § 3142(g) and for the reasons more fully set forth in the Order for Pretrial Detention, the court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e).

Having found by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, the court need not consider whether the government proved by a preponderance of the evidence that Defendant is a flight risk. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) ("[E]ither danger to the community *or* risk of flight is sufficient to authorize detention." (emphasis added)).

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 44) is **DENIED**. Defendant shall remain in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED**.

**DATED** this 5th day of June, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA